Tommie P. BUTLER, Claimant–
Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 00–7084.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 30, 2001.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

Alan J. Lo Re, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Michael J. Timinski, Attorney, Department of Veterans Affairs, of Washington, DC.

Before LOURIE, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims affirmed the Board of Veterans' Appeals' decision that Tommie P. Butler did not timely file a Notice of Disagreement (NOD) for a 1981 Administrative Decision. *Butler v. West,* No. 98–2073, slip op. at 2, 1999 WL 1063300 (Vet. App. Nov. 8, 1999). Because the "presumption of regularity" applies to the mailing of a copy of a notice of appeal rights to a veteran, this court affirms.

I.

Mr. Butler served on active duty in the military from April 1965 to April 1970. In 1967, he received an honorable discharge before his immediate reenlistment. In April 1970, however, Mr. Butler received a less than honorable discharge. In a 1970 Administrative Decision, the Department of Veterans Affairs regional office held that the military discharged Mr. Butler for willful and persistent misconduct. Consequently, Mr. Butler was not eligible to receive benefits as a veteran except for any service-connected disability.

In 1981, the Veterans Administration determined that Mr. Butler's entire period of service was a single period of service, controlled by the character of his final separation in 1970. The Veterans Administration also found that Mr. Butler established service connection for the residuals of an accidental, self-inflicted gunshot wound of the right knee. The Veterans Administration allegedly mailed a copy of its 1981 Administrative Decision to Mr. Butler with a document providing notice of Mr. Butler's appeal rights. The record on

appeal contains a September 22, 1981, notification letter referring to an attached document setting forth the appeal process. The record does not, however, contain the actual document setting forth Mr. Butler's appeal rights. Mr. Butler did not appeal the 1981 Administrative Decision.

In April 1996, Mr. Butler's representative filed a formal claim for service connection for Mr. Butler's post-traumatic stress disorder, individual unemployability, and residuals from the gunshot wound. In July 1996, the regional office denied compensation benefits based on the character of Mr. Butler's 1970 discharge. Mr. Butler submitted a NOD for the July 1996 regional office decision. In August 1996, the regional office sent Mr. Butler a "Statement of the Case." This document asked whether Mr. Butler had a right to appeal the 1981 Administrative Decision on the character of his discharge even though no NOD had been submitted within one year. *See* 38 U.S.C. § 7105(b) (1994).

The Board of Veterans' Appeals affirmed the regional office's 1996 decision to deny compensation benefits. The Board determined that the record indicated that Mr. Butler was fully informed of the effect of the 1981 decision on his entitlement to benefits. The Board also found that Mr. Butler did not appeal any aspect of the 1981 decision within one year. Accordingly, the Board concluded that Mr. Butler's July 1996 NOD was not timely filed to contest the 1981 Administrative Decision. Thus, the Board made the 1981 Administrative Decision final.

On appeal, the Court of Appeals for Veterans Claims noted that the Veterans Administration had mailed a letter to Mr. Butler on September 22, 1981, notifying him of its 1981 Administrative Decision. The letter stated: "If you believe our decision concerning your discharge from military service to be incorrect, please see the Notice of Procedural and Appeal Rights which is attached." The record indicates that the Veterans Administration mailed this letter to Mr. Butler's last known address. Likewise, Mr. Butler did not contest that he received this letter. Instead, he argued that the record did not contain a copy of the notice of his appeal rights. Therefore, he contended that the Court of Appeals for Veterans Claims could not presume that the notice was mailed. Mr. Butler also argued that 38 U.S.C. § 5104(a) required the Veterans Administration to provide an explanation of appeal rights when notifying him of its decision and the failure to give him notice tolled his time for appeal under 38 U.S.C. § 7105(b).

The Court of Appeals for Veterans Claims rejected Mr. Butler's arguments. Relying on the presumption of regularity, the court presumed that the Veterans Administration properly discharged its responsibilities by attaching a notice of appeal rights to the letter sent to Mr. Butler. *Butler*, slip op. at 2. Thus, the court found that Mr. Butler had the burden to show by clear evidence that the Veterans Administration did not send him the notice. Because the Court of Appeals for Veterans Claims determined that Mr. Butler did not meet that burden, the court affirmed the decision of the Board. *Id.* This appeal followed. This court has jurisdiction under 38 U.S.C. § 7292(a) (1994).

## II.

This court has exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [§ 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C § 7292(c). This court does not have authority to review factual determinations or applications of a law or regulation to the facts of a case without a constitutional issue. 38 U.S.C. § 7292(d)(2). This court must set aside any regulation or interpretation of a regulation that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1).

The "presumption of regularity" supports official acts of public officers. In the absence of clear evidence to the contrary, the doctrine presumes that public officers have properly discharged their official duties. *United States v. Chemical Found., Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926); *In re Longardner & Assocs., Inc.,* 855 F.2d 455, 459 (7th Cir. 1988) ("in this case, in which notice was properly addressed, stamped and mailed, there is a presumption that Bunn received it"). The doctrine thus allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary. *United States v. Roses, Inc.,* 706 F.2d 1563, 1567 (Fed.Cir. 1983).

Mr. Butler argues to this court that the Court of Appeals for Veterans Claims erred by relying on the presumption of regularity to show his receipt of proper notice of appeal rights in 1981. Mr. Butler contends that the presumption of regularity conflicts with the paternalistic aspects of the veterans benefits adjudication system, including 38 U.S.C. § 5107 (1994). Specifically, Mr. Butler alleges that § 5107(a) contains the only statutory reference to a burden of proof imposed on a veteran. Thus, according to Mr. Butler, the court erred by placing a non-statutory burden of proof on him to show that the Veterans Administration did not send him notice. Mr. Butler also argues that the Court of Appeals for Veterans Claims imposed a burden that exceeds the burden of proof for establishing a well-grounded claim, as required under § 5107(a) before November 9, 2000. Moreover, according to Mr. Butler, this application of the "presumption of regularity" conflicts with the benefit of the doubt provision of § 5107(b).

Although the veterans benefits adjudication system is nonadversarial and paternalistic, *Collaro v. West,* 136 F.3d 1304, 1309–10 (Fed.Cir.1998), the veteran still has certain legal procedural requirements to move forward with a claim. For example, the ultimate burden of showing jurisdiction rests with the veteran.

*McNutt v. GMAC,* 298 U.S. 178, 188–89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In addition, the Court of Appeals for Veterans Claims does not have jurisdiction over an appeal from an adverse Board decision without a timely notice of appeal. 38 U.S.C. § 7266(a) (1994); *Espelita v. Derwinski,* 958 F.2d 1052, 1053 (Fed.Cir.1992).

Moreover, contrary to Mr. Butler's assertions, nothing in § 5107(a) or (b) prevents the Court of Appeals for Veterans Claims from applying the presumption of regularity in a veteran benefits case. *See Pierce v. Principi,* 240 F.3d 1348 (Fed. Cir.2001). Section 5107(b) states: "When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." Veterans Claims Assistance Act of 2000, Pub.L. No. 106–475, 114 Stat. 2096 (amending 38 U.S.C. § 5107(b) (1994)). The paragraph preceding this requirement, § 5107(a), provides context for its legal evidentiary obligations: "[A] claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary." Pub. L. No. 106–475 (amending 38 U.S.C. § 5107(a) (1994)).

A reading of 5107(a) and (b) indicates that these paragraphs speak to evidentiary matters going to the merits of a benefit claim—not to the procedural responsibilities of the veteran. Likewise, because both (a) and (b) deal with evidentiary matters on the merits, neither paragraph speaks to the presumption of regularity with regard to a procedural matter, such as the mailing of a notice relating to an appeal. Thus, the Court of Appeals for Veterans Claims did not err by applying the presumption of regularity to the mailing of a copy of a notice of appeal rights to Mr. Butler, particularly in light of the letter dated September 22, 1981, which was present in the record.

In sum, the application of the presumption of regularity by the Court of Appeals for Veterans Claims in this case does not

conflict with the pro-veteran nature of the veterans benefits adjudication system or the language of 38 U.S.C. § 5107(a) and (b).

### III.

Because the Court of Appeals for Veterans Claims correctly applied the presumption of regularity to the Veterans Administrations act under 38 U.S.C. 5104(a) of mailing a notice of appeal rights, this court affirms.

### COSTS

Each party shall bear its own costs.

*AFFIRMED*