Luke C. MILEY, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 03–7195.

United States Court of Appeals, Federal Circuit.

May 6, 2004.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

Michael F. Bahler, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel; and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, BRYSON, and LINN, Circuit Judges.

BRYSON, Circuit Judge.

Appellant Luke C. Miley served on active duty with the United States Army from October 1946 to May 1948. In July 1947, he was involved in a motorcycle accident in which he suffered multiple injuries. Those injuries were later determined to be service connected. As of March 1973, Mr. Miley was receiving disability benefits from the Veterans Administration for residuals of those injuries. He was rated 70 percent disabled at that time.

Following a period of hospitalization, Mr. Miley filed a claim with the Veterans Administration for a rating of total disability based on individual unemployability ("TDIU"). In a June 1973 rating decision, a Veterans Administration regional office ("RO") granted him a temporary 100 percent disability rating based on his hospitalization but denied his claim for a TDIU rating. His service-connected disability rating was continued at 70 percent.

Mr. Miley did not seek review of the 1973 rating decision until 1998. He explained that he had not filed a Notice of Disagreement ("NOD") with respect to the RO's June 1973 decision denying his TDIU claim because he had never received notice of the 1973 RO decision and had not been advised of his appellate rights with respect to that decision. The RO responded that it had sent both Mr. Miley and his representative notification of the June 1973 decision and of his appellate rights, and that the decision had become final in July 1974. Mr. Miley appealed that ruling to the Board of Veterans' Appeals, contending that the evidence did not support the RO's determination that notice of the June 1973 rating decision had been mailed to him, and consequently that the June 1973 rating decision never became final.

The Board affirmed the RO's decision. The Board explained that in order to preserve his right to appeal the 1973 rating decision, Mr. Miley was required to file a NOD within one year from the date of mailing of the notice of that decision. The Board then addressed Mr. Miley's claim that the notice of decision was never mailed to him and therefore that the period for filing his NOD never began to run.

The Board first noted that in order for a veteran to perfect an appeal to the Board, he was required in 1973, as now, to file a NOD "within one year from the date of mailing of notice of the result of initial review or determination [by the RO]." 38 U.S.C. § 4005(b)(1) (1970), presently codified as 38 U.S.C. § 7105(b)(1). The VA regulations applicable in 1973, as now, contained a parallel requirement. 38 C.F.R. § 19.118(a)(1) (1972) ("A notice of disagreement shall be filed within 1 year from the date of mailing of notification of the initial review or determination."), presently codified in slightly modified form as 38 C.F.R. § 20.302(a). If a NOD is not filed within that period, the RO's determination becomes final.

In addressing the question whether the evidence supported the agency's contention that the notice of decision was timely mailed, the Board reviewed the claims folder for the 1973 claim. The Board then made detailed findings with respect to the contents of the claims folder and the inferences to be drawn from the documents contained in the folder and the administrative practice at the time. We outline the Board's findings in some detail below.

First, the Board noted that the claims folder included a completed copy of VA Form 21–6798, entitled "Disability Award," which was prepared on June 8, 1973. That form summarized the June 6, 1973, rating decision for purposes of inputting that decision into the VA's data processing system. The copy of Form 21–6798 bore a

date stamp which, according to the Board, indicated that the information on the form was entered into the agency's data processing system on July 10, 1973.

The copy of Form 21–6798 that was retained in the 1973 claims folder indicated that VA Form 20–822, entitled "Control Document and Award Letter," and VA Form 21–6750, entitled "Adjustment of Compensation Award Because of Hospitalization," were to be sent to Mr. Miley. Form 21–6750 was the form on which notice of RO decisions was provided to claimants at the time of the ratings decision in this case. In addition to informing claimants of the decision with respect to their claims, the version of Form 21–6750 that was in effect in 1973 advised claimants of their appellate rights.

The Board found that the handwritten instructions on the copy of Form 21–6798 contained in the claims folder indicated that Mr. Miley was to be notified of the date of the termination of the temporary total disability rating, and that he was to be notified that his TDIU claim had been denied. In addition, that document indicated that Mr. Miley was to be provided with VA Form 21–686c, entitled "Declaration of Marital Status," which he was to complete and return to the RO. The copy of Form 20–822 in the claims folder contained Mr. Miley's then-current address and indicated that Forms 21–6750 and 21–686c were to be sent to him as attachments to the original Form 20–822.

Finally, the Board found that on July 13, 1973, the RO received from Mr. Miley a completed Form 21–686c in which he stated that he was still married. That form was one of the forms that was designated to be sent to him with the package that advised him of the June 6, 1973, decision denying his TDIU claim. The Board inferred from the completed Form 20–686c and the copy of Form 20–822 in the claims folder that Form 686c had been sent to Mr. Miley together with the notification of the RO decision as attachments to the Form 20–822 that was mailed to him shortly after the June 6, 1973, ratings decision.

In addition to the physical evidence in the claims folder, the Board found the administrative practice of the Veterans Administration at the time of the 1973 rating decision to be significant. It was the agency's practice at that time, the Board found, that when notice of a rating decision was sent to a veteran, Form 20–822 would be sent to the veteran and a copy of that form would be retained in the claims folder. However, copies of the attachments to Form 20–822 that were sent to the veteran, in this case Forms 21–6750 and 686c, would not be kept. Therefore, there was nothing unusual or suspicious about the fact that a copy of Form 21–6750, which contained the actual notification of the decision, was not retained in the 1973 claims folder.

Based on those findings, the Board concluded that the RO had mailed notice of the June 6, 1973, rating decision to Mr. Miley at some time before July 13, 1973. The Board determined that "the pertinent documents were sent to the appellant's address of record at that time and were not returned to the RO by the postal service. The RO followed proper administrative procedures." The Board added that the presumption of regularity supported its conclusion that the VA officials complied with their official duty to mail the notification of the June 1973 rating decision to Mr. Miley shortly after the date of the decision, and that Mr. Miley had not introduced the clear evidence to the contrary that would be necessary to rebut

that presumption. The Board noted that the only contrary evidence offered by Mr. Miley to show that the notification was not timely mailed was his assertion that he did not receive the notification. That assertion, the Board ruled, was insufficient to overcome the presumption of regularity.

Mr. Miley appealed the Board's decision to the Court of Appeals for Veterans Claims ("the Veterans Court"), which affirmed. *Miley v. Principi,* Docket No. 01–526, 2003 WL 21688320 (Ct.Vet.App.2003). The court noted the Board's detailed findings of fact and its conclusion that the evidence showed that the RO had timely notified Mr. Miley of the June 1973 ratings decision and of his appellate rights and that the RO had followed proper administrative procedures in the notification process. In challenging the Board's decision, Mr. Miley argued that the record contained no documentary evidence proving that he was informed of that decision or his appellate rights, and that in the absence of such evidence the 1973 decision could not be deemed final. The court rejected Mr. Miley's argument that the presumption of regularity is automatically overcome when a copy of the required notice is absent from the record. The court noted that the presumption of regularity had repeatedly been recognized in the context of challenges to required procedures such as notification procedures, and that Mr. Miley's argument, if accepted, "would have the Court render it a presumption of irregularity by shifting the burden back onto the Secretary in the case of a record silent regarding the issue of notice, thereby imposing a presumption that the VA failed to discharge its duties properly."

Mr. Miley took this appeal from the decision of the Veterans Court. He ar-gues that the presumption of regularity does not permit an inference that notice of the 1973 ratings decision was mailed in a timely fashion absent documentary evidence indicating the date that the notice was sent.

■ The statute that defines our jurisdiction to review decisions of the Veterans Court prohibits us from reviewing factual determinations, except with respect to constitutional questions. 38 U.S.C. § 7292(a), (d); *Moody v. Principi,* 360 F.3d 1306, 1310 (Fed.Cir.2004); *D'Amico v. West,* 209 F.3d 1322, 1325 (Fed.Cir.2000). Accordingly, we do not address whether the evidence relied upon by the Board justified the Board's conclusion, sustained by the Veterans Court, that the notice of decision was mailed to Mr. Miley before July 13, 1973. What we do address is Mr. Miley's legal argument that 38 U.S.C. § 7105(b)(1), the statute that requires a NOD to be filed within one year of the date of mailing of notice of the RO's decision, requires documentary evidence that reflects the date the notice was mailed.

Like the Veterans Court, we reject that argument. There is nothing in the language of the pertinent statute, 38 U.S.C. § 7105(b)(1), or its predecessor, 38 U.S.C. § 4005(b)(1) (1970), to indicate that any particular kind of evidence is necessary to establish the fact and date of the mailing of the decision notice. Nor, contrary to Mr. Miley's contention, is there anything in the statute or the pertinent regulation that requires the evidence of mailing to establish the specific date on which the decision notice was mailed or the specific date on the notification letter. Accordingly, we conclude that there is no legal basis for imposing such a requirement, particularly when, as in this case, the requirement would be retroactive in its effect to agency

procedures and practices that were employed many years ago.

■ Mr. Miley argues that it was improper for the Veterans Court to invoke the presumption of regularity in the absence of documentary evidence of the actual date of mailing. The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties. *Butler v. Principi*, 244 F.3d 1337, 1339 (Fed.Cir.2001). In *Butler*, for example, a veteran challenged a Board decision that his NOD was untimely because the record contained only the letter notifying the veteran of the RO's decision, but did not contain a document notifying him of his appellate rights. The letter, however, stated that a document was attached, and that document would have notified him of his rights. This court held that the presumption of regularity justified the court's conclusion that the referenced document was in the packet sent to the veteran, even if a copy of the document was not retained in the veteran's file. *Id.* at 1340.

■ We perceive no legal basis for holding that the presumption of regularity may not be employed to establish, in the absence of evidence to the contrary, that certain ministerial steps were taken in accordance with the requirements of law. Indeed, even if the record in this case contained a dated copy of the decision notice—the evidence that Mr. Miley complains was missing and would have been sufficient—it would still be necessary to rely on the inference that the letter was in fact mailed and the inference that it was mailed on the date shown on the letter. In effect, the presumption of regularity would have to be invoked even in that situation, absent the extraordinarily unlikely chance that an agency employee would remember having mailed that particular letter on the particular date indicated. Thus, Mr. Miley's objection to the use of the presumption of regularity is not to the use of the presumption per se, but to the use of the presumption when a copy of the decision notice itself, or some other documentary evidence of the date of mailing, is not available.

We are satisfied that no legal principle bars the use of the presumption of regularity simply because the record does not contain a dated copy of the decision notice itself or some other document reflecting the precise date on which the notice was purportedly sent. Rather, it is legally sufficient if, as in this case, the Board finds that the decision notice was designated to be mailed along with other documents that were in fact mailed shortly after the date of decision. In that setting, the presumption of regularity may properly be invoked to establish, in the absence of contrary evidence, that the notice of decision was in fact mailed along with the other documents that were sent in timely fashion. We therefore uphold the decision of the Veterans Court that the RO's ruling on Mr. Miley's 1973 TDIU claim became final long before 1998, when he first challenged the 1973 decision.

*AFFIRMED.*