Davis v. Goldstein

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
> **RALPH K. WINTER,**
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> > *Circuit Judges.*

———————————————————————

Winston Davis,

> *Plaintiff-Appellant*,

> v.                                                                13-2939

P. Goldstein, Doctor, et al.,

> *Defendants-Appellees*.

———————————————————————

**FOR PLAINTIFF-APPELLANT:**          Winston Davis, *pro se*, Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**          Varuni Nelson, Margaret M. Kolbe,
                                                            Ameet B. Kabrawala, Assistant United
                                                            States Attorneys, of Counsel, *for* Loretta
                                                            E. Lynch, United States Attorney,
                                                            Eastern District of New York, Brooklyn,
                                                            NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Winston Davis, *pro se*, brought an action against the United States Federal Bureau of Prisons ("BOP"), the Metropolitan Detention Center Brooklyn ("MDC"), and several BOP and MDC employees, alleging negligence arising out of his transfer from MDC to the Federal Medical Center in Butner, North Carolina ("FMC Butner"). He argued that FMC Butner was not equipped to provide proper treatment for his prostate cancer. He filed an administrative tort claim with the BOP in July 2008 alleging negligence arising out of his transfer. In January 2009, the BOP denied his claim. He filed his federal complaint in July 2011. The district court granted the defendants' motion to dismiss his action for lack of subject matter jurisdiction because he did not file his federal complaint within six months of the denial of his administrative claim as required by the Federal Tort Claims Act ("FTCA"). The court found that his claim that BOP employee Henry Sadowski was negligent in deciding his administrative claim was barred under the FTCA because he failed to present a claim about Sadowski to the BOP before alleging one in his federal complaint. On appeal, Davis argues that he never received the letter denying his administrative claim. He also argues that the district court erred in finding his claim against Sadowski unexhausted, because that claim is "directly linked to the case at hand." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing a district court's dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), this Court reviews factual findings for clear error and legal conclusions *de novo*. *Close v. New York*, 125 F.3d 31, 35-36 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### A.     Timeliness

"The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). "In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." *Id.* Under the Act, a plaintiff must file his federal complaint "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "Actual receipt of the notice . . . is not required by the statute." *Pascarella v. United States*, 582 F. Supp. 790, 792 (D. Conn. 1984).

The BOP acknowledges that Davis denies receipt of the letter, but contends that is irrelevant. The BOP raises the "presumption of regularity," which holds that "in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." *Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004) (presumption of regularity properly applied to support that the Board of Veterans Appeals mailed a notice of decision, based on factual findings about the Board's administrative practice and that the notice was designated to be mailed with other documents that were in fact mailed).

3

By analogy, a "presumption of receipt" applies where "the record establishes office procedures, followed in the regular course of business, pursuant to which notices have been addressed and mailed." *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 92 (2d Cir. 2010). In *Ma*, we held that the plaintiff's "[m]ere denial of receipt [was] insufficient" to overcome the presumption of receipt. *Id.* Rather, he had to show that "routine office practice was not followed or was so careless that it would be unreasonable to assume that notice was mailed." *Id.* (internal quotation marks omitted).

The BOP contends that Davis cannot overcome these presumptions to disprove that the denial letter was mailed. The words "Via Certified and Return Receipt Mail" were on the denial letter. And that letter was addressed to the same address Davis provided to the BOP upon his release, which he has used for correspondence with the district court and this Court. Davis's brief appends two documents the BOP mailed to that same address. Based on this record, the BOP contends that Davis has not demonstrated that "routine office practice was not followed or was so careless that it would be unreasonable to assume that notice was mailed." *Id.* (internal quotation marks omitted).

Davis did not allege that the BOP failed to follow "routine office practice" or was "so careless" as to dissolve the presumption of receipt. *Id.* But absent discovery, such allegations would be based on speculation. At the motion to dismiss stage, Davis had no facts with which to disprove that the letter was mailed beyond contesting receipt – which he did, in his opposition to the motion to dismiss.

4

We **VACATE** in part and remand for discovery concerning the timeliness of Davis's transfer claim because the record is insufficient to determine when the BOP mailed the denial letter, thus triggering the FTCA statute of limitations.

**B.      Exhaustion**

We **AFFIRM** as to Davis's claim against Sadowski. His administrative complaint claimed that he was improperly transferred to FMC Butner because that facility was not equipped to provide proper medical care. That is different from his allegation that Sadowski was negligent in resolving his administrative complaint arising from that transfer. Accordingly, the district court did not err in finding his negligence claim against Sadowski unexhausted.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5