Citation Nr: 1504665 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 08-19 915A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to an effective date earlier than September 26, 2007 for the grant of a compensable rating for residuals of a traumatic brain injury.


REPRESENTATION

Appellant represented by: Harold H. Hoffman-Logsdon, III, Attorney at Law


ATTORNEY FOR THE BOARD

Mary E. Rude, Associate Counsel


INTRODUCTION

The appellant served on active duty from February 1980 to February 1984.

This case initially came before the Board of Veterans' Appeals (Board) from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

In January 2012, the Board denied the appellant's claim for an earlier effective date for the grant of service connection for traumatic brain injury. In that same decision, the Board denied entitlement to service connection for diabetes and obstructive sleep apnea. 

In July 2012, counsel for the appellant and VA filed with the United States Court of Appeals for Veterans Claims a Partial Joint Motion to vacate and remand the Board decision as to the earlier effective date claim. The Court granted the motion, and vacated and remanded to the Board that part of the Board's decision that denied entitlement to an effective date earlier than September 26, 2007 for the grant of service connection for traumatic brain injury. The claims of entitlement to service connection for diabetes and obstructive sleep apnea were found to be abandoned and were dismissed. The case was then remanded for further development in March 2013, and it is now again before the Board for adjudication.

The Veteran's Virtual VA electronic claims file and the Veterans Benefits Management System paperless claims processing system have been reviewed in conjunction with the current appeal. They contain a July 2014 letter from the Veteran's attorney and VA treatment records pertinent to the current appeal.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. The Veteran's claim of entitlement to service connection for a head injury was adjudicated in an August 1994 rating decision, which granted service connection and assigned a noncompensable rating for a scar and head injury residuals. 

2. The Veteran was notified of the August 1994 decision; it is presumed that he was adequately notified of his right to appeal. The appellant did not timely disagree with the decision, and it is final.

3. The next written communication from the Veteran regarding head injury residuals or traumatic brain injury was received on September 26, 2007 and accepted as a claim for a compensable rating for service-connected scar and head injury residuals.

4. The medical evidence of record does not show that the Veteran underwent an increase in the severity of his traumatic brain injury residuals at any time prior to September 26, 2007.


CONCLUSION OF LAW

The criteria for entitlement to an effective date for the award of a compensable rating for residuals of a traumatic brain injury prior to September 26, 2007 have not been met. 38 U.S.C.A. §§ 5103, 5103A, 5110, 7105 (West 2014); 38 C.F.R. §§ 3.1, 3.104, 3.400 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

In the case at hand, the requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or completeness of the application. In the instant case, the Veteran is challenging the effective date assigned to a grant of compensable ratings for residuals of a traumatic brain injury. Higher courts have held that when a claim has been granted and there is disagreement as to "downstream" questions, such as effective dates, the claim has been substantiated and there is no need to provide additional VCAA notice or prejudice from absent VCAA notice. See Hartman v. Nicholson, 483 F.3d 1311, 1314-15 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112, 116-17 (2007). Nevertheless, August 2010 and January 2011 correspondence from the RO provided the Veteran with notice of regulatory provisions applicable to the assignment of effective dates. The RO has also obtained all available pertinent evidence, and the Veteran has not identified any additional pertinent evidence. The case was last adjudicated in July 2014, and the Veteran is not prejudiced by the Board proceeding with appellate review. 

Pursuant to the March 2013 remand, records from the South Texas Veteran's Health Care System in San Antonio for the period from June 23, 2006 through January 14, 2011 were obtained and associated with the electronic claims file. The Board finds that there has been substantial compliance with the prior remand directives, fulfilling the duty to assist. See Stegall v. West, 11 Vet. App. 268 (1998).

Analysis

The Veteran contends that he is entitled to an effective date earlier than September 26, 2007 for a compensable rating for residuals of a traumatic brain injury. He has asserted that compensable ratings for residuals associated with an in-service head injury should be assigned effective dates of August 1994 or, in the alternative, September 2006.

The statutory guidelines for the determination of an effective date of an award of disability compensation are set forth in 38 U.S.C.A. § 5110. Except as otherwise provided, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400. When a claim is received within one year after separation from service, the effective date will be the day following separation from active service. 38 C.F.R. § 3.400(b)(2). 

Pertinent VA regulations provide that a claim for VA benefits, whether formal or informal, must be in writing and must identify the benefit sought. See 38 U.S.C.A. § 5101; 38 C.F.R. §§ 3.1, 3.151, 3.155; Rodriguez v. West, 189 F.3d 1351 (Fed. Cir. 1999); Lalonde v. West, 12 Vet. App. 377 (1999). While VA should broadly interpret submissions from a veteran, it is not required to conjure up issues not specifically raised. Brannon v. West, 12 Vet. App. 32 (1998).

A specific claim in the form prescribed by the Secretary of Veterans Affairs must be filed in order for benefits to be paid to any individual under the laws administered by VA. 38 C.F.R. § 3.151(a) (2014). The term "claim" or "application" means a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief of entitlement, to a benefit. 38 C.F.R. § 3.1(p). "Date of receipt" generally means the date on which a claim, information, or evidence was received by VA. 38 C.F.R. § 3.1(r). 

The applicable statutory and regulatory provisions require that VA look to all communications from the appellant, which may be interpreted as applications or claims-formal and informal-for benefits. In particular, VA is required to identify and act on informal claims for benefits. 38 U.S.C.A. § 5110(b)(3); 38 C.F.R. §§ 3.1(p), 3.155(a) (2013); see Servello v. Derwinski, 3 Vet. App. 196 (1992).

In the present case, the Veteran first applied for a "head injury" in July 1994. In an August 1994 rating decision, VA granted entitlement to service connection for "scar, right eyebrow, residuals of head injury" and assigned a noncompensable rating.

The Veteran's attorney has argued that the August 1994 rating decision failed to adjudicate the claimed issue of entitlement to service connection for a head injury/traumatic brain injury, and instead adjudicated only the issue of entitlement to service connection for scars. The Board finds this argument wholly without merit. The August 1994 rating decision clearly states "Service connection for head injury" as the first issue on appeal. Service connection was granted for "scar, right eyebrow, residuals of head injury," and the reasons and bases of the decision specifically discuss that the Veteran "received a head injury 1-81 when a hatch fell on his head." It also stated that there had been X-rays which showed no fracture and neurology examination was within normal limits. The decision did note, however, that the Veteran incurred a scar, but that in the absence of limitation of function due to the scar, a compensable rating was not warranted.

The Board acknowledges that VA has a duty to fully and sympathetically develop a claim to its optimum, which includes determining all potential claims raised by the evidence and applying all relevant laws and regulations. See Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004); see also Roberson v. Principi, 251 F.3d 1378, 1384 (Fed. Cir. 2001). In this case, however, VA was clearly aware that the Veteran was filing a claim for a head injury and for all residuals associated with that injury. Just as the Veteran did not have to specify that he was requesting service connection for a head scar, VA having found that this was the only medically documented residual of the in-service head injury, determined that this was a potential claim raised by the record and granted service connection for it. The rating decision specifically noted that no fracture or neurological abnormalities had been found, and therefore, on the basis of no other current disabilities, the RO granted service connection for residuals of a head injury, but implicitly denied separate compensable evaluations for any additional head injury residuals. See Jones v. Shinseki, 619 F.3d 1368, 1373 (Fed. Cir. 2010) (holding that the key inquiry for whether an issue has been implicitly denied is whether sufficient notice has been provided so that a veteran would know, or reasonably can be expected to understand, that he will not be awarded benefits for the disability asserted in his pending claim).

The Veteran's attorneys have also argued that the August 1994 rating decision failed to inform the appellant of his appellate rights, and that therefore his July 1994 claim remains on appeal. The United States Court of Appeals for Veterans Claims has stated that grave procedural errors may render a decision nonfinal. See Tetro v. Gober, 14 Vet. App. 100 (2000). If VA fails to comply with certain procedural requirements, including an explanation of the procedure for obtaining review of a rating decision, then the claim remains open and is not final. Tablazon v. Brown, 8 Vet. App. 359, 361 (1995).

In the current case, there is no evidence that VA failed to provide the Veteran with adequate notice of his appellate rights in 1994. The Veteran and his attorneys have not demonstrated the clear evidence of irregularity that is necessary to overcome the presumption of regularity that attaches to the actions of Government officials. See Miley v. Principi, 366 F.3d 1343, 1347 (Fed. Cir. 2004) ("The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties."); Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir. 2001) ("The [presumption of regularity] doctrine thus allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary."). 

The record shows that the August 1994 rating decision was mailed together with a cover letter. That letter is dated August 12, 1994 and bears the name of an Adjudication Officer. It notes that the letter had two enclosures: a VA Form 4107 and the rating decision. The Veteran's attorney contends that the letter is "irregular" and does not warrant the presumption of regularity because the date is handwritten, the letter of record is not personally signed by the Adjudication Officer, and a copy of VA Form 4107 is not contained in the record. The Board does not agree. The presence of a handwritten date as opposed to a stamped date or typed date does not alter the validity of the date of record in any way, and there is no evidence to indicate that the date is incorrect. That the Adjudication Officer did not sign the copy of the letter that was included in the claims file is also not found to be irregular or unusual. While a copy of VA Form 4107, notice of appeal rights, was not included in the claims file, the August 1994 letter clearly notes that a VA Form 4107 was included as an enclosure with the copy mailed to the Veteran. As the Board has not found any clear evidence of irregularity in the August 1994 correspondence or rating decision, the presumption of regularity attaches, and it is presumed that this notice was, indeed, included as an enclosure to the letter and that it did, in fact, contain notice of the Veteran's right to appeal. Id. The Board therefore finds that the August 1994 rating decision was final.

Although notified of the denial, the Veteran did not appeal the August 1994 decision. See 38 C.F.R. §§ 20.200, 20.201, 20.202 (2014). An unappealed rating decision is final in the absence of clear and unmistakable error, and is not subject to revision on the same factual basis. 38 U.S.C.A. §§ 5109A, 7105 (West 2014); 38 C.F.R. §§ 3.104, 3.105(a) (2014).

In June 2006, the Veteran submitted a claim of entitlement to nonservice connected pension, which was denied in November 2006. The current claim on appeal was received by VA on September 26, 2007. The Veteran stated that he was filing a new claim of entitlement to service connection for headaches, dizziness, diabetes, and scar residuals. He also stated that he had "slammed [his] head" in a vehicle in service. This was accepted by VA as a claim for an increased rating for service-connected scar and residuals of head injury. 

In a March 2008 rating decision, VA increased the Veteran's evaluation for scars, right eyebrow and bridge of nose, residuals of head injury to 10 percent, effective September 26, 2007. In September 2009, the RO granted the Veteran separate evaluations of 10 percent for residuals of traumatic brain injury, 50 percent for migraine headaches, and 70 percent for postconcussional disorder. The Veteran's postconcussional disorder, also claimed as "memory loss" and migraine headaches were found to be secondary to the service-connected head injury. In a June 2013 rating decision, the RO granted the Veteran an increase to 40 percent for residuals of traumatic brain injury, effective August 20, 2010.

The general rule governing effective dates is that the effective date of compensation benefits will be the date of receipt of the claim or the date when entitlement arose, whichever is later. Here, the Veteran submitted the claim for an increased rating for his service-connected scar and head injury residuals on September 26, 2007. 

VA regulations do allow for the receipt of clinical reports of examination or hospitalization to serve as informal claims for increase where the claim is for an already service-connected condition. 38 C.F.R. § 3.157 (2014). None of the Veteran's VA treatment records prior to September 26, 2007 contained any diagnoses or treatment related to problems stemming from a head injury, including any chronic headache or any psychiatric disorder. A May 2006 private medical evaluation submitted in June 2006 showed diagnoses only of diabetes mellitus, blurred vision probably secondary to diabetes mellitus, and a history of recurrent pneumothorax and substance abuse. The Board cannot, therefore, find that there are any clinical reports that could be accepted as an informal claim of entitlement to a compensable rating for head injury residuals.

The Board also is unable to assign an effective any earlier than September 26, 2007 under 38 C.F.R. § 3.400(o)(2), which allows for an increased benefit to be awarded at the earliest date in which it is factually ascertainable that an increase in disability had occurred, if the claim is received within one year of such date. 38 C.F.R. § 3.400(o)(2). The Veteran's attorneys have argued that the appellant has consistently reported constant problems related to his traumatic brain injury since the time of his injury in service. While the Veteran is competent to report on matters observed or within his personal knowledge, such as his own symptomatology, this is not supported by the medical evidence of record. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). The Veteran's VA treatment records from June 2006 to the present are of record and do not contain any diagnoses or treatment related to a traumatic brain injury, headaches, scars, or memory loss. Furthermore, even if the Veteran has had the same symptoms of head injury residuals from the time of service to the present, as was stated at great length in April 2013 and December 2014 briefs, then this would indicate that his increase in disability did not occur within one year of September 25, 2007, the date that he submitted a claim for increased compensation, but, rather, occurred much earlier, and therefore 38 C.F.R. § 3.400(o)(2) does not apply.

VA must liberally construe all documents filed by a claimant. See EF v. Derwinski, 1 Vet. App. 324, 326 (1991). In this case, however, there is no document that might be construed, even in the broadest sense, as a claim prior to September 26, 2007. In the absence of any communication from the Veteran prior to September 26, 2007 which indicates that his service-connected head injury residuals had worsened, there is no basis for granting an earlier effective date.






ORDER

Entitlement to an effective date earlier than September 26, 2007 for the grant of a separate compensable rating for residuals of a traumatic brain injury is denied.



____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs