LANCE, Judge,
concurring:
I fully join the Court’s order. I write separately only to note that, as the Secretary did not argue in this case that VA’s digitization process is entitled to the presumption of regularity, the Court was not required to address that issue. See Miley v. Principi, 366 F.3d 1343, 1347 (Fed.Cir.2004) (“The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their duties.”). The Secretary is not foreclosed from attempting to invoke that presumption in a future case. In light of the grave concerns identified in the Court’s order, however, he may find it difficult to demonstrate that the presumption attaches. See U.S. v. Roses Inc., 706 *193 F.2d 1563 (Fed.Cir.1983) (“It is really a presumption that what appears regular is regular ... [and] does not help to sustain an action that on its face appears irregular.... If it appears irregular, it is irregular.”).