NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**RICHARD F. WILLIAMS,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF
VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2021-1646

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6765, Senior Judge Robert N. Davis.

---

Decided:  November 24, 2021

---

RICHARD F. WILLIAMS, Bethesda, MD, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR., JANA MOSES; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, BRANDON A. JONAS, Office of General

Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Richard F. Williams appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) that affirmed a decision of the Board of Veterans' Appeals (Board), denying him entitlement to an earlier effective date for his service-connected post-traumatic stress disorder (PTSD). We *vacate* and *remand*.

## BACKGROUND

Mr. Williams served on active duty in the U.S. Army from July 1969 to February 1971. During his service, he was deployed to Vietnam. Shortly after he separated from the Army, he apparently filed a claim for service connection for a "nervous disorder" with a regional office of the Department of Veterans Affairs (VA). S.S.A. 1.[1] The record does not appear to include the claim itself. However, on VA Form 10-7131, Exchange of Beneficiary Information and Request for Administrative and Adjudicative Action, under the heading "Request for Information/Adjudicative Action," the VA checked the boxes "Monetary Benefits Information," "Service Connection," and "Adjudicative Action." S.S.A. 4. The form also included the statement, "[Mr. Williams] was not treated in service for this condition – claim for SC pending." S.S.A. 4. The VA denied—for "treatment purposes only"—Mr. Williams's nervous-disorder claim in a rating decision in July 1971. S.S.A. 1. The record before us contains no decision by the VA regional office finally

————————————

[1] The government submitted a second supplemental appendix (S.S.A.) with its supplemental brief filed September 14, 2021.

ruling on the claim for service connection for compensation purposes, or any record that the VA ever mailed such a decision to Mr. Williams. Mr. Williams's time for appeal of the 1971 denial of service connection, if one was issued, would run from the date notice of the decision was mailed. 38 U.S.C. § 7105(b).

On December 20, 2010, almost forty years later, Mr. Williams filed a claim for service connection for a psychiatric disorder.[2] The VA granted service connection for PTSD, assigning him a fifty percent disability rating effective December 20, 2010.

Mr. Williams challenged the December 20, 2010, effective date before the Board, arguing that the effective date for his service-connected PTSD should be based on his 1971 claim following his separation from service. Mr. Williams maintained—and maintains on appeal—that the VA's July 1971 rating decision was "not final" and "remained unadjudicated," or if the VA did decide his claim, that "he never received notice of the [VA's] July 1971 rating decision." S.A. 15.

On June 20, 2019, the Board denied Mr. Williams's request for an earlier effective date. The Board found that he "did not . . . submit a request to reopen the previously-denied claim seeking service connection for a nervous disorder, prior to December 20, 2010." S.A. 7. Mr. Williams, for his part, argued that there was no VA decision on his claim in 1971 and that, in any event, the VA failed to mail him notice of the July 1971 rating decision (if there was one) so that the decision never became final, making him eligible for a 1971 effective date. The Board assumed the existence of a July 1971 rating decision. Relying on the

---

[2]    Mr. Williams also filed claims for service connection unrelated to PTSD. They are not relevant to his present appeal.

presumption of regularity, the Board determined that "there [was] no clear evidence indicating that the [VA] did not mail a notice letter of the July 1971 rating decision." S.A. 10. As a result, the Board determined that there "[was] not sufficient [evidence] to rebut the presumption of administrative regularity" in mailing. S.A. 10. Mr. Williams appealed the effective-date determination to the Veterans Court.

On November 13, 2020, the Veterans Court affirmed the Board's determination. The Veterans Court, like the Board, assumed that a decision had been made on the 1971 claim for service connection. The Veterans Court concluded that "[t]he Board properly found that the presumption of regularity was not rebutted" as to mailing. S.A. 2. The Veterans Court explained, "Claiming a VA decision was not received is not, by itself, the clear evidence required to rebut the presumption of regularity in mailing." S.A. 3–4. The Veterans Court concluded that the Board "did not clearly err in assigning December 20, 2010, as the effective date for Mr. Williams's [service-connected] PTSD." S.A. 5. Mr. Williams appeals to this court.

On August 23, 2021, this court issued an order requesting supplemental briefing addressing the following two questions, which the government had failed to address in its informal response brief:

> (1) Whether the VA's 1971 denial of Mr. Williams's claim for service connection was made on the standard VA form; and

> (2) If the decision was not on the standard form, what effect, if any, this has on the presumption of administrative regularity.

Order, *Williams v. McDonough*, No. 21-1646 (Fed. Cir. Aug. 23, 2021).

On September 14, 2021, the government responded and claimed the VA "denied Mr. Williams's claim for

service connection on the standard VA Form 21-6796" and attached the form from Mr. Williams's service record. *See* Supp. Gov't Br. 1–2.; S.S.A. 1. This form was contained in the record before the Veterans Court. The submitted VA Form 21-6796 includes a rating decision and states, "no treatment for a nervous condition during military service" and "NERVOUS CONDITION – claimed by veteran not shown by the evidence of record." S.S.A. 1. But the form was limited "FOR HOSPITALIZATION OR TREATMENT PURPOSES ONLY." S.S.A. 1. Contrary to the government's position, it does not show rejection of the claim for service connected benefits.

On September 17, 2021, Mr. Williams responded, explaining that the VA form identified by the government reflects a denial of his claim only for treatment purposes and arguing that "it does not show that a claim for *service connection for a nervous disorder for compensation purposes* was denied." Supp. Williams Br. 1 (emphasis in original). Mr. Williams explained, "[t]here is no such form reflecting a denial for service connection for compensation purposes, a fact conceded by the [government] for the first time, years after the fact that [the VA] and [the government] has construed the record that there was such a decision." Supp. Williams Br. 2.

## DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof, and shall decide any relevant question of law, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision. 38 U.S.C. §§ 7292(c), (d). We cannot, however, review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case," absent a constitutional issue.

§ 7292(d)(2).

The presumption of regularity allows courts to "presume that [public officers] have properly discharged their official duties," *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926), and "that what appears regular is regular," *Butler v. Principi*, 244 F.3d 1337, 1340 (Fed. Cir. 2001). "[T]he presumption is overcome only in the face of clear evidence to the contrary." *Toomer v. McDonald*, 783 F.3d 1229, 1235 (Fed. Cir. 2015) (internal quotation marks omitted). To analyze rebuttal evidence, this court has required consideration of "the totality of the evidence the veteran presents to rebut the presumption." *Id.* at 1236 (internal quotation marks omitted).[3] The presumption of regularity applies to the mailing of notice of a rating decision. *See Butler*, 244 F.3d at 1340–41; *Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004). Although "a

---

[3] As evidence of irregularity, among other things, Mr. Williams argues the VA's use of two claim numbers in his file rebuts the presumption he received notice. Mr. Williams argues the Board "never addressed the continued recording of the wrong claim number on VA administrative records numerous times during the decades," even after the VA consolidated the two claim numbers. Informal Opening Br. 7 (emphasis omitted). In view of "the incorrect claims file numbers recorded over a period of many years," Mr. Williams argues "the presumption of regularity should be rebutted as a matter of law." Informal Opening Br. 8 (emphasis omitted). The Veterans Court quoted the Board's rejection of Mr. Williams's argument: "As both claims file numbers of record were associated with the Veteran, the record evidence containing the canceled claims['] file number does not show that the July 1971 notice letter was 'mailed to another veteran.'" S.A. 2. We see no legal error in this determination, and the Veterans Court's factual finding is beyond our jurisdiction to review.

statement of nonreceipt standing alone is not enough to re-but the presumption [of mailing], a statement of nonreceipt coupled with other evidence can be." *Romero v. Tran*, 33 Vet. App. 252, 264–65 (2021).

The government does not argue that the presumption of regularity can support a finding that a decision was made by the VA regional office. It relies only on the presumption to establish that the supposed decision was mailed. But there can be no presumption of mailing if there was no decision in the first place. Absent proof that a decision was made in 1971 on Mr. Williams's claim, we hold the Board and the Veterans Court legally erred in relying on a presumption of mailing. The VA Form 21-6796 submitted by the government with its supplemental brief does not show that a decision was made on compensation. The decision recorded on the form was limited "for hospitalization or treatment purposes only." S.S.A. 1 (capitalization omitted). The form does not demonstrate a final decision rejecting service connection for disability compensation.

We remand to the Veterans Court to address a question left unaddressed by the Veterans Court's earlier decision—whether the VA regional office made a decision in July 1971 on Mr. Williams's claim.[4] Absent such a decision,

---

[4]    The government also appears to argue, for the first time in its supplemental brief, that Mr. Williams never submitted a claim for service connection for disability compensation with his nervous-disorder claim in 1971. The government argues, "the fact that an individual sought medical treatment from VA does not gives rise to an original claim for disability compensation or evince the intent necessary to raise a claim for disability compensation." Supp. Gov't Br. 3. In response, Mr. Williams identified VA Form 10-7131, as discussed earlier, where the VA checked the boxes for Adjudicative Action, Monetary Benefits Information, and Service Connection, and included remarks

there can be no presumption of regularity in mailing.[5]

## VACATED AND REMANDED

COSTS

Costs to Mr. Williams.

---

stating, "[Mr. Williams] was not treated in service for this condition – claim for SC pending."  S.S.A. 4.  Although the government's argument is likely waived as not previously raised and appears contrary to the government's previous position that "Mr. Williams filed a [VA] claim for service connection for a nervous disorder," Gov't Br. 2, we leave it to the Veterans Court to address this issue in the first instance.

[5]    Mr. Williams also argues that the "VA did not adjudicate [his] earlier claim with consideration of [clear and unmistakable error (CUE)]," labeling it "an original claim" that he raises for the first time on appeal.  Informal Opening Br. 4.  As Mr. Williams essentially concedes in his briefing, we are without jurisdiction to consider Mr. Williams's claim of CUE in the first instance.  If Mr. Williams wishes to press his claim of CUE in the VA's 1971 decision, he may request revision of that decision on the basis of CUE before the VA.