NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES A. LEMMON,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2047

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-6836, Judge Joseph L. Toth.

---

Decided: March 14, 2025

---

JAMES A. LEMMON, Port Ludlow, WA, pro se.

CHRISTOPHER BERRIDGE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before REYNA, CUNNINGHAM, and STARK, *Circuit Judges*.

PER CURIAM.

James A. Lemmon appeals pro se from an April 16, 2024 order of the United States Court of Appeals for Veterans Claims ("Veterans Court"). *Lemmon v. McDonough*, No. 23-6836, 2024 WL 1632841 (Vet. App. Apr. 16, 2024) ("*Order*"). The Veterans Court dismissed Mr. Lemmon's appeal because he filed his notice of appeal after the appeal deadline had passed, and he did not demonstrate that equitable tolling was warranted. *Order* at *3. For the reasons below, we *dismiss* Mr. Lemmon's appeal for lack of jurisdiction.

## I.   BACKGROUND

Mr. Lemmon served on active duty in the United States Navy from February 1964 to February 1966. S. App'x 15, 17. On March 4, 2021, the Board of Veterans' Appeals ("Board") denied Mr. Lemmon service connection for fifteen conditions or disabilities and denied entitlement to special monthly compensation. S. App'x 10–24.[1] On November 6, 2023, Mr. Lemmon filed a notice of appeal with the Veterans Court. *Order* at *1; S. App'x 8; App'x 37.[2] The Secretary of Veterans Affairs ("VA") subsequently filed a motion to dismiss Mr. Lemmon's appeal on the grounds that his notice of appeal was untimely. S. App'x 8. In opposition to the motion to dismiss, Mr. Lemmon responded that he never received a copy of the Veterans Court's decision by mail. App'x 2–3. He further argued that there were four extraordinary circumstances that prevented him from timely filing his notice of appeal: (1) his misfiling of his notice of appeal at the VA's Seattle regional office; (2) his reliance on an incorrect statement from a VA employee;

---

[1]    We refer to the supplemental appendix filed as an attachment to the Secretary of Veterans Affairs' informal response brief as "S. App'x." ECF No. 13.

[2]    We refer to the appendix filed by Mr. Lemmon in support of his informal brief as "App'x." ECF No. 16. The cited pages correspond to the page numbering as docketed in ECF No. 16.

(3) the COVID-19 pandemic; and (4) his mental illnesses.[3] *Order* at \*2; App'x 2–7.

On April 16, 2024, the Veterans Court granted the VA's motion to dismiss. *Order* at \*3. The Veterans Court concluded that Mr. Lemmon had only asserted nonreceipt of the Board's decision and had failed to present clear evidence rebutting the presumption of regularity that applies to the Board's mailing practice. *Id.* at \*1–2. As a result, the Veterans Court determined that Mr. Lemmon should have submitted his notice of appeal within 120 days of the issuance of the Board's decision on March 4, 2021, i.e., by July 2, 2021. *Id.* at \*1–2 (citing 38 U.S.C. § 7266(a)).

Next, the Veterans Court considered whether Mr. Lemmon's notice of appeal might otherwise be accepted as timely based on equitable tolling. *Id.* at \*2–3. The Veterans Court found the four circumstances raised by Mr. Lemmon insufficient to warrant equitable tolling. *Id.* With respect to Mr. Lemmon's misfiling, the Veterans Court found that the evidence showed that Mr. Lemmon's submission of documents to the VA Claims Intake Center occurred on July 15, 2021, thirteen days after the 120-day appeal period expired. *Id.* at \*2. Thus, even this filing would have been untimely. *Id.* With respect to Mr. Lemmon's reliance on an incorrect statement from a VA official, the Veterans Court observed that Mr. Lemmon had not explained what inaccurate information he received from a VA employee that caused his late filing and thus had not established the necessary cause-and-effect relationship between the alleged misinformation provided and his late filing. *Id.* at \*3. With respect to the COVID-19 pandemic, the Veterans Court noted that Mr. Lemmon provided no explanation of how the pandemic prevented his ability to timely file his notice of appeal and that Mr. Lemmon

---

[3]    Although Mr. Lemmon identified physical illnesses as well, Mr. Lemmon provided only his diagnosis regarding mental illness to support his extraordinary circumstance argument. *Order* at \*3.

therefore failed to establish the connection between the pandemic and his failure to timely file. *Id.* With respect to Mr. Lemmon's mental illnesses, the Veterans Court explained that Mr. Lemmon's diagnosis and vague assertions of mental illness were insufficient to show that equitable tolling was warranted. *Id.* Having concluded that Mr. Lemmon filed his notice of appeal 881 days late and that he had failed to demonstrate entitlement to equitable tolling, the Veterans Court dismissed Mr. Lemmon's appeal. *Id.*

On April 27, 2024, Mr. Lemmon filed a motion for reconsideration or, in the alternative, for panel review. S. App'x 8; App'x 38–39. On June 4, 2024, the Veterans Court denied the motion for reconsideration, granted the motion for panel decision, and ordered that the single-judge order remain the decision of the court. S. App'x 25–26; S. App'x 8. This appeal followed.

## II. DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Mr. Lemmon argues that he has provided evidence showing he never received the Board's decision by mail and that he has submitted all his filings on time and to the best of his ability. Appellant's Br. 1–2.[4] Mr. Lemmon also argues that equitable tolling is warranted as he faced the

---

[4]    We refer to Mr. Lemmon's compliant informal brief as "Appellant's Br." ECF No. 15.

"extraordinary circumstance of not being able to file a [notice of appeal]." Appellant's Br. 2.

On appeal, Mr. Lemmon's arguments do not implicate any issues within this court's jurisdiction. Mr. Lemmon's request that we review the Veterans Court's finding that his notice of appeal was untimely amounts to a challenge to the Veterans Court's factual determination that his proffered evidence does not suffice to overcome the presumption that the Board's decision was properly mailed on March 4, 2021. *See, e.g.*, *Miley v. Principi*, 366 F.3d 1343, 1346 (Fed. Cir. 2004) (declining to address whether the evidence in the record justified the Board's conclusion, sustained by the Veterans Court, that the notice of decision was properly mailed as that would require reviewing factual determinations). Review of Mr. Lemmon's argument that he faced extraordinary circumstances that justify the application of equitable tolling would "constitute[], at the very least, the application of the law of equitable tolling to the facts of the case." *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed. Cir. 2000). As Mr. Lemmon does not raise a constitutional issue and only challenges factual determinations or applications of law to the facts of this case, we lack jurisdiction to review his arguments.

### III. CONCLUSION

We have considered Mr. Lemmon's remaining arguments and find that none of the arguments raises a non-frivolous issue over which we can assert jurisdiction. For these reasons, we *dismiss* Mr. Lemmon's appeal.

### DISMISSED

### COSTS

No costs.