# United States Court of Appeals for the Federal Circuit

2009-7026

DAVID J. RIZZO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Douglas J. Rosinski, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., of Columbia, South Carolina, argued for claimant-appellant.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Michael F. Hertz, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2009-7026

DAVID J. RIZZO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee

Appeal from the United States Court of Appeals for Veterans Claims in 07-0123, Chief Judge William P. Greene.

_____

DECIDED: September 8, 2009

_____

Before MICHEL, Chief Judge, LOURIE and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans' Appeals that denied David J. Rizzo service-connection for an eye disability. Rizzo v. Peake, No. 07-0123 (Vet. App. Aug. 26, 2008). Because the Department of Veterans Affairs (VA) has no obligation to present affirmative evidence of a VA physician's qualifications during Board proceedings, absent a challenge by the veteran, this court affirms.

I.

Mr. Rizzo served honorably in the United States Air Force in the late 1940s. During the summer of 1947, Mr. Rizzo traveled at least three times to the Marshall Islands' Bikini Atoll as part of a radiation monitoring effort known as the Bikini Scientific

Resurvey. Mr. Rizzo asserts that he was exposed to ionizing radiation during this time. Mr. Rizzo bases his claim to service connection to those visits.

In the mid-1980s Mr. Rizzo was diagnosed with retinitis pigmentosa. He later developed bilateral posterior and anterior subcapsular cataracts – other diseases of the eye. Mr. Rizzo filed a claim for disability benefits in January 1985. He claimed a causal link between his eye conditions and his exposure to radiation during service. A VA regional office denied Mr. Rizzo's claim in a January 1995 decision. Rizzo appealed to the Board, which ordered several remands for additional factual development.

In 2004, Mr. Rizzo offered testimony from Dr. U. Hans Behling, who has a PhD in Radiation Physics. Dr. Behling testified that the circumstantial evidence strongly suggested that Mr. Rizzo's exposure to a potentially high dose of radiation might have caused the eye ailments.

In March 2006, at VA's request, the Defense Threat Reduction Agency (DTRA) prepared an assessment of Mr. Rizzo's likely exposure to radiation. DTRA informed VA that Mr. Rizzo was not a confirmed participant of the 1947 Resurvey. Nonetheless, based on Mr. Rizzo's representations regarding the details of his participation in the Bikini Scientific Resurvey, DTRA provided certain worst case dose estimates for potential radiation exposure to Rizzo's eyes. DTRA stated that the "highest radiation exposure dose for any participant of the Resurvey Team for the entire period [from] July 15 to August 29, 1947, using worst case assumptions . . . is not more than 1.0 rem [röntgen equivalent in man] to the whole body." The record shows, according to epidemiological studies, that the probability of harm was close to zero for most healthy individuals receiving doses less than 10 rem.

In May 2006 the Board heard medical opinion testimony from Dr. Lawrence R. Deyton, a physician and VA's Chief Officer of Public Health and Environmental Hazards. Dr. Deyton's position in the VA ranks him as an Assistant Under Secretary. Dr. Deyton reviewed DTRA's dose estimates and opined that "it is unlikely that the veteran's eye disorder diagnosed as retinitis pigmentosa and bilateral cataracts can be attributed to exposure to ionizing radiation in service."

In an October 2006 decision, the Board denied service connection for Mr. Rizzo's eye conditions. The Board gave greater weight to Dr. Deyton's medical opinion than to Dr. Behling's. The Board found that Dr. Behling's conclusions were "qualified as being based on circumstantial evidence that was 'suggestive,' resulting in a finding that was 'plausible,' that the dose 'could' have been received by the veteran." The Board contrasted Dr. Deyton's opinion, which was based on DTRA's "extensive dose estimate development," which in turn was based on the veteran's "best and most current representations on the details of his participation [in the Resurvey] . . . ."

Mr. Rizzo appealed to the Veterans Court. In his appeal, Mr. Rizzo argued that the Board did not supply an adequate statement of reasons for affording greater probative weight to Dr. Deyton's opinion than to Dr. Behling's. Further Mr. Rizzo charged that the Board did not affirmatively establish Dr. Deyton's competency as an expert. Mr. Rizzo also argued that the Board considered no evidence that would show that Dr. Deyton possessed the knowledge and expertise to qualify as an expert in this case. In a single-judge decision, the Veterans Court rejected Mr. Rizzo's argument, relying on its opinion in Cox v. Nicholson, 20 Vet. App. 563 (2007), to show that the Board was within its rights to presume the competence of the VA medical expert. The

Veterans Court also noted that Mr. Rizzo did not point to any evidence demonstrating Dr. Deyton's lack of competence as an expert. The court also noted that the Board provided adequate justification for giving greater probative weight to Dr. Deyton's opinion than to Dr. Behling's.

Mr. Rizzo moved for a panel decision, which the Veterans Court denied. This appeal follows from the Veterans Court's entry of judgment. This court has jurisdiction under 38 U.S.C. § 7292.

II.

Under 38 U.S.C. § 7292 this court's review of a Veterans Court's decision is limited. This court decides "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). This court reviews the Veterans Court's legal determinations without deference. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). However, unless the appeal presents a constitutional issue, this court may not review challenges to factual determinations or "to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Rizzo argues that the Veterans Court incorrectly held that the Board could assume the qualifications of VA's medical expert. Mr. Rizzo essentially asks this court to impose a new standard requiring VA to affirmatively establish on the record the qualifications of an expert witness before the Board may rely upon the opinion of that witness.

The Veterans Court considered a similar question in the Cox v. Nicholson case. 20 Vet. App. 563. In Cox, a veteran sought a higher rating for his service-connected back condition. A VA physician conducted a spine examination, reviewed the veteran's

claims file and medical history, and ordered an MRI that was interpreted by another physician. After this review, the VA physician concluded that the veteran's back condition was not related to service. Id. at 566. Nonetheless, the Board determined that the veteran should receive a 40% disability rating for his back, up from a previous rating of 20%. The veteran appealed this decision to the Veterans Court, seeking a still higher rating. The Veterans Court rejected the veteran's argument that VA could not have relied on the physician's report because it did not contain information about the physician's qualifications:

> Mr. Cox does not assert that the examiner was not competent, but rather argues that VA did not establish his competence. However, the Board is entitled to assume the competence of a VA examiner. See Hilkert v. West, 12 Vet. App. 145, 151 (1999) ("[T]he Board implicitly accepted [the VA examiner's] competency by accepting and relying upon the conclusions in her opinion."), aff'd, 232 F.3d 908 (Fed. Cir. 2000). Further, the "appellant bears the burden of persuasion on appeals to this Court to show that such reliance was in error." Id.; see also Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir. 2001) ("The [presumption of regularity] doctrine thus allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary."). Mr. Cox has provided no evidence, nor can the Court discern any in the record, that would cast doubt on Dr. Bartal's competence and qualifications. Absent such argument or evidence, the Court finds no error in the Board's implicit presumption of competence.

Id. at 569.

This court adopts the reasoning of the Veterans Court in Cox. Absent some challenge to the expertise of a VA expert, this court perceives no statutory or other requirement that VA must present affirmative evidence of a physician's qualifications in every case as a precondition for the Board's reliance upon that physician's opinion. Indeed, where as here, the veteran does not challenge a VA medical expert's

competence or qualifications before the Board, this court holds that VA need not affirmatively establish that expert's competency.

In the present case, the Board observed that Dr. Deyton is a medical doctor and serves as VA's Chief Officer of Public Health and Environmental Hazards. The Board also observed that Dr. Deyton represented VA's Under Secretary for Health, whose opinion the Board must consider in claims based on exposure to ionizing radiation. See 38 C.F.R. § 3.311(f) ("The determination of service connection will be made under the generally applicable provisions of this part, giving due consideration to all evidence of record, including any opinion provided by the Under Secretary for Health or an outside consultant . . . . "). Dr. Deyton's opinion noted Mr. Rizzo's radiation exposure estimates. He then compared that exposure to several studies and other published material to show that the exposure level showing causation of cataracts is much higher than the worst-case estimates of Mr. Rizzo's exposure. Dr. Deyton also stated that retinitis pigmentosa is a hereditary condition. By contrast, the Board found that the expert opinion offered by Mr. Rizzo was "speculative rather than conclusive."

Mr. Rizzo's attorney argued to the Board that Dr. Deyton's opinion was defective because "Dr. Deyton did not support his conclusion with expert analysis." This argument, however, attacked Dr. Deyton's opinion itself – not his qualifications to provide such an opinion. Absent some challenge to Dr. Deyton's credentials, this court sees no reason to preclude the Board's reliance on Dr. Deyton's competence to supply a medical opinion.

As this court has often noted, the veterans benefits adjudication system is "nonadversarial and paternalistic." See Butler v. Principi, 244 F.3d 1337, 1340 (Fed.

Cir. 2001).  In this connection, VA considers <u>all</u> evidence that may bear upon a claim.

<u>See</u> 38 U.S.C. § 5107(b) ("The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary.").  In this case, the Board rightly considered Mr. Rizzo's objections to Dr. Deyton's testimony, weighed the credibility of Dr. Deyton's opinion against Dr. Behring's, and concluded that Dr. Deyton had presented a more probative and credible analysis.  Mr. Rizzo points to no law or precedent suggesting that the Board must have first established Dr. Deyton's qualifications on the record before assigning his opinion probative value.  Indeed, in this case, the Board did not conclude that Dr. Deyton was better qualified than Dr. Behling, or that it resolved the dispute between experts based on their qualifications.  Instead, the record shows that the Board compared the two expert opinions on the basis of their respective probative values.

Moreover, the Veterans Court's decision did not create an evidentiary burden that conflicts with VA's statutory duty to assist.  Title 38 obligates VA to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim."  38 U.S.C. § 5103A(a)(1).  However, because VA does not require a claimant such as Mr. Rizzo to provide any evidence that would establish the competence of a VA examiner in order to substantiate a claim for benefits, the duty to assist does not come into play in this case.

The presumption of regularity also supports this court's judgment.  "The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." <u>Miley v. Principi</u>, 366 F.3d 1343, 1347 (Fed. Cir. 2004).  Contrary to Mr. Rizzo's

assertions, nothing in this court's precedent limits the presumption to procedural matters. Simply stated, "[t]he doctrine . . . allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary." Butler, 244 F.3d at 1340. As the Veterans Court noted, the record contains no evidence to call into question the competence of Dr. Deyton. Indeed, the record shows that Dr. Deyton's position at VA charges him with vast responsibility for overseeing programs dealing with ionizing radiation, Agent Orange, and Gulf War illnesses. **[SA28]** For this reason as well, the Veterans Court did not err in not requiring the Board to affirmatively establish Dr. Deyton's competency.

### III.

Mr. Rizzo separately challenges the Veterans Court's denial of his motion for a full panel decision. Mr. Rizzo argues that the Veterans Court did not follow its own rules regarding single judge decisions, and that the complexity of this case warranted a decision by a full panel of judges. This court's decision in Arnesen v. Principi, 300 F.3d 1353 (Fed. Cir. 2002), disposes of Mr. Rizzo's argument. In Arnesen, this court found that an appellant's challenge to the Veterans Court's determination on a motion for a panel decision implicates a fundamentally factual question – the relative simplicity or complexity of a given case. Id. at 1360. In this case, Mr. Rizzo similarly quarrels with the Veterans Court's estimation of the complexity of this case. This court lacks jurisdiction over such a factual determination. See 38 U.S.C. § 7292(a).

### IV.

The Veterans Court did not err in not requiring the Board to affirmatively establish the competency of VA's medical expert. Accordingly, this court affirms.

<u>AFFIRMED</u>

<u>COSTS</u>

No costs.