STOLL, Circuit Judge,
with whom NEWMAN, MOORE, and WALLACH, Circuit Judges, join,
dissenting from denial of rehearing en banc.
I believe the court should hear this case en banc to reevaluate the presumption of competence afforded to VA medical examiners and their opinions under our current law. I question the propriety of such a presumption in a uniquely pro-claimant and non-adversarial system.
I am also troubled by the idea that the VA itself might apply the presumption when a veteran challenges, at the agency level, the competence of the examiner or the conclusions of the medical opinion. Even if we keep the presumption of competence, like the presumption of regularity from which it stems, it should apply to judicial review of agency action. See Rizzo v. Shinseki, 580 F.3d 1288, 1292 (Fed. Cir. 2009) (“The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties.” (emphasis added) (internal citation omitted)). The agency itself should not rely on the presumption that it followed its rules when evaluating the application of those very rules. The VA’s Adjudication Procedures Manual suggests, however, that the VA considers the presumption of competence established by this court in Rizzo. Specifically, where the agency determines that a veteran has raised a concern regarding the medical examiner’s competence, the procedures instruct that, among other seemingly appropriate considerations, the agency should note that “[tjhere is a presumption that a selected medical examiner is competent.” VA Adjudication Procedures Manual, M21-1MR, Part III, Subpart iv, ch. 3, § D(2)(o) (change date April 28, 2016).
I believe this is an important issue, and it warrants en banc review. For these reasons, I respectfully dissent from the denial of the petition for rehearing en banc.