Citation Nr: 1722223 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 17-21 1162 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to an increased initial evaluation for bilateral hearing loss, currently rated as 10 percent disabling. 


REPRESENTATION

Veteran represented by: North Carolina Division of Veterans Affairs


ATTORNEY FOR THE BOARD

M. Bilstein, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1955 to April 1958. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2016 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

In April 2017, the Veteran submitted a private audiological examination report and did not waive initial Agency of Original Jurisdiction (AOJ) consideration of this evidence. The Veteran perfected his appeal in April 2017. The Board notes that the AOJ did not readjudicate the case and issue a Supplemental Statement of the Case (SSOC). However, section 501 of the Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Public Law (PL) 112-154, which amends 38 U.S.C. § 7105 by adding new paragraph (e), provides that if new evidence is submitted with or after a Substantive Appeal received on or after February 2, 2013, then it is subject to initial review by the Board unless the Veteran explicitly requests AOJ consideration. As previously noted, the substantive appeal in this case was received in April 2017 and AOJ consideration of this evidence has not been explicitly requested. Therefore, a waiver of this additional evidence is not necessary and the Board may properly consider all additional evidence submitted.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.S. § 7107(a)(2) (LexisNexis 2017).


FINDING OF FACT

The Veteran's bilateral hearing loss has been manifested by, at worst, Level IV hearing loss in the right ear and Level III hearing loss in the left ear. 


CONCLUSION OF LAW

The criteria for an initial evaluation in excess of 10 percent for service-connected bilateral hearing loss have not been met. 38 U.S.C.S. §§ 1155, 5107 (LexisNexis 2017); 38 C.F.R. § 4.85, Diagnostic Code 6100 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000

Under the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.S. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (LexisNexis 2017); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2016).

This appeal arises from the Veteran's disagreement with the initial evaluation assigned following the grant of service connection. Once service connection is granted the claim is substantiated, additional notice is not required, and any defect in the notice is not prejudicial. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007).

The record also reflects that VA has made reasonable efforts to obtain relevant records. The Veteran's service treatment records and post-service private treatment records are on file. Additionally, the Veteran was afforded a VA audiological examination in July 2016. The examiner detailed the Veteran's assertions, conducted all appropriate testing, and reported the results. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). However, the Veteran asserted in his August 2016 notice of disagreement and April 2017 substantive appeal that the examination did not adequately detect his hearing loss because the examiner seemed tired and sleepy and was likely not alert. 

With respect to the adequacy of the examination, "the presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." Rizzo v. Shinseki, 580 F.3d 1288, 1292 (Fed. Cir. 2008) (quoting Miley v. Principi, 366 F.3d 1343, 1347 (Fed. Cir. 2004) and applying the presumption of regularity to VA examinations); see also Sickels v. Shinseki, 643 F.3d 1362, 1366 (Fed. Cir. 2011). The results of the July 2016 VA examination do not support the Veteran's claim for an initial evaluation in excess of 10 percent, and, so, there is at least some reason, independent of any perceived inadequacies of the examination, for the Veteran to be dissatisfied with the examination. Cartwright v. Derwinski, 2 Vet App. 24, 25 (1991) ("interest may affect the credibility of testimony."). Moreover, the Veteran has not been shown to have the expertise required to render a competent opinion as to the adequacy of audiological testing methodologies. See generally Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). The examination was conducted by a state licensed audiologist and included air conduction testing and speech discrimination testing using the Maryland CNC test. Therefore, the Board finds that there is not "clear evidence" of irregularity in the July 2016 examination. And, in fact, the Board affirmatively finds that the VA examination was adequate and provides sufficient medical evidence to decide the claim. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); Barr, supra. In light of the foregoing, the Board finds that the duty to assist has been satisfied. 

After a careful review of the file, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993).

II. Analysis

The Veteran is seeking an initial evaluation in excess of 10 percent for bilateral hearing loss, for which service connection was granted effective January 27, 2016. During the course of the appeal, the Veteran contends that his hearing loss warrants a 40 percent rating. He states that he experiences difficulty hearing even with hearing aids and television and telephone amplifiers. He also has difficulty hearing people speaking behind him or when there is background noise. The Veteran also reports difficulty hearing people speak, hearing conversations over the phone, and hearing the television. He must face the speaker when in conversation. 

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C.S. § 1155; 38 C.F.R. § 4.1. Disabilities must be reviewed in relation to their history. 38 C.F.R. § 4.1. 

The Board will consider entitlement to staged ratings to compensate for time since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2009). 

Evaluations of defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of a controlled speech discrimination test (Maryland CNC) together with the average hearing threshold level measured by puretone audiometry tests in the frequencies of 1000, 2000, 3000, and 4000 cycles per second (Hertz). To evaluate the degree of disability from service-connected defective hearing, the rating schedule establishes eleven auditory hearing acuity levels designated from Level I, for essentially normal hearing acuity, through Level XI, for profound deafness. 38 C.F.R. §§ 4.85, Tables VI, VIa and VII, Diagnostic Code 6100 (2016). Disability ratings for hearing loss are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App. 345 (1992). Hearing tests will be conducted without hearing aids, and the results of above-described testing are charted on Table VI and Table VII. See 38 C.F.R. § 4.85. 

Additionally, under 38 C.F.R. § 4.85(c), Table VIA will be used when the examiner certifies that use of speech discrimination is not appropriate because of language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of § 4.86. Here, however, the Veteran's hearing loss does not qualify as "exceptional," for purposes of the application of Table VIA, and thus neither 38 C.F.R. § 4.85(c), Table VIA, nor 38 C.F.R. § 4.86 will be further discussed.

After review of the record, the Board finds that an initial evaluation in excess of 10 percent is not warranted for the Veteran's bilateral hearing loss at any time during the period under review.

The VA audiogram conducted in conjunction with the July 2016 VA examination showed the Veteran had puretone thresholds of 65, 70, 65 and 60 decibels in the right ear, and 45, 70, 65, and 60 decibels in the left ear at 1000, 2000, 3000, and 4000 Hertz. Average puretone thresholds were 65 decibels in the right ear and 60 decibels in the left ear. Maryland CNC speech audiometry revealed speech recognition ability of 82 percent in the right ear and 84 percent in the left ear. Applying the results from that examination to Table VI in 38 C.F.R. § 4.85 yields a finding of Level IV hearing loss in the right ear and Level III hearing loss in the left ear. When hearing loss is at Level III in the better ear and Level IV in the poorer ear, a 10 percent rating is assigned under Table VII.

The Board notes that the record contains an April 2017 private audiogram report, but finds that it cannot serve as the basis for a rating in excess of 10 percent. This audiogram is invalid for rating purposes because it did not include a controlled speech discrimination test (Maryland CNC) in accordance with 38 C.F.R. § 4.85(a). 

Although the Board sympathizes with the Veteran's statements regarding the functional impact of his hearing loss on his daily life, including difficulty hearing televisions, telephones, and conversations when unable to face the speaker or when there is noise in the background, the assignment of disability ratings for hearing impairment is derived from a mechanical formula based on levels of puretone threshold average and speech discrimination. Thus, the medical evidence of record is more probative than lay contentions as to the extent of the Veteran's hearing loss. The Board finds the VA examination in July 2016 highly probative, and notes that it was conducted in accordance with 38 C.F.R. § 4.85(a). Moreover, the VA examiner reported the effects of the Veteran's hearing loss on his daily activities and occupational functioning. Martinak v. Nicholson, 21 Vet. App. 447, 455-56 (2007).

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.S. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990). 


ORDER

An initial disability evaluation in excess of 10 percent for bilateral hearing loss is denied.



____________________________________________
S.C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs