Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200825-106441
DATE: June 30, 2021

ORDER

Service connection for posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

The Veteran has a current diagnosis of PTSD related to in-service stressors. 

CONCLUSION OF LAW

The criteria for service connection for PTSD are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 4.125. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1979 to June 1983. He filed the current claim on appeal on January 31, 2018.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)'s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran's claim was first denied in a May 2018 rating decision. The Veteran filed a claim for reconsideration in September 2018 and the Agency of Original Jurisdiction issued another rating decision in August 2019. The Veteran filed a supplemental claim in July 2020 and the AOJ issued another rating decision in August 2020. At that time, the AOJ found that new and relevant evidence had not been received, and the claim remained denied. New and relevant evidence was not required as the previous rating decisions were not final. 38 C.F.R. § 3.156(b). 

The Veteran submitted a timely VA Form 101082 (Notice of Disagreement) in August 2020 in which he elected the hearing lane. The Veteran testified at a Board hearing before the undersigned Veterans Law Judge in January 2021. A transcript of the hearing is of record. The Veteran also submitted evidence during the 90-day window period following his January 2021 Board hearing. In adjudicating the appeal, the Board may consider the evidence of record at the time of the August 2020 rating decision, as well as the evidence submitted within 90 days after the hearing. 

Service Connection

Generally, service connection will be granted if the evidence demonstrates that a current disability resulted from a disease or injury incurred in active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection requires evidence of a current disability, an in-service incurrence, disease or injury and a causal relationship between the current disability and the in-service incurrence, disease or injury. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). 

Service connection for PTSD in particular requires medical evidence diagnosing the condition under the criteria of the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5), or by findings supported in an examination report; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. §§ 3.304(f), 4.125(a).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

Here, the VA treatment records and records from the Vet Center reflect that the Veteran has a current diagnosis of PTSD. Specifically, a licensed social worker assessed the Veteran on March 28, 2018 at the Vet Center and concluded that he met the criteria for PTSD. VA treatment records also reflect that the Veteran was diagnosed with PTSD by a psychiatrist in December 2020. A PTSD diagnosis by a mental health professional must be presumed to have been made in accordance with the applicable DSM criteria as to both the adequacy of symptomatology and the sufficiency of the stressor absent compelling evidence to the contrary. Cohen v. Brown, 10 Vet. App. 128, 140 (1997); see also Rizzo v. Shinseki, 580 F.3d 1288, 1291 (Fed. Cir. 2009) (holding that, in the absence of evidence to the contrary, medical professionals are presumed to be competent to render the diagnoses they render).

The Board acknowledges that the October 2018 VA examiner concluded that the Veteran did not have a PTSD diagnosis. However, given the conflicting diagnoses the Veteran is entitled to have reasonable doubt decided in his favor. Accordingly, the Board finds that the Veteran has a current PTSD diagnosis made in accordance with the DSM-5. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Cohen, supra. 

With respect to an in-service stressor, the Veteran contends that he developed PTSD related to his service on nuclear-armed submarines during the Cold War, and specifically identifies incidents that occurred when he was momentarily trapped in a torpedo chute and when his submarine was thought to have contact with a Russian submarine and had to surface quickly because of potential flooding. The AOJ's attempt to verify the second incident was unsuccessful. The Veteran's military personnel records confirm his service on the two submarines identified by the Veteran, and he submitted a buddy statement confirming the incident of potential flooding and the subsequent maneuvers taken by the submarine. The Veteran's description of the incident to his treatment providers and in his lay statements and testimony is consistent throughout the claim period. Although the Veteran's reported stressors were not formally verified by VA, the Board finds that they are consistent with the places, types and circumstances of the Veteran's service. 

With respect to the nexus element, the Veteran submitted statements and medical records from his VA treatment and from the Vet Center establishing the connection between his stressors in service and his current disability. A February 2021 letter from the Veteran's counselor noted the Veteran's receipt of counseling services due to symptoms he had since military service, including unprovoked anger with irritability, random outbursts of anger, an inability to interact with people, difficulty calming himself, withdrawal and isolation. A February 2021 Medical Opinion Letter from the Veteran's treating VA psychiatrist noted that in his opinion, the Veteran's PTSD was at least as likely as not related to military service, noting that traumatic events during service led the Veteran to re-experience severe PTSD symptoms for many years. Treatment records from the Vet Center note that the Veteran met the criteria for a diagnosis of PTSD caused by his experiences on nuclear submarines engaged in cold war combat-ready service. 

The Board construes the treatment records and statements from the providers as establishing a positive nexus between the Veteran's PTSD and his in-service stressors. The records and statements are based on treatment of the Veteran and knowledge of the relevant facts and are thus considered to be highly probative. Notably, there is no competent medical opinion of record to the contrary. In light of the foregoing and resolving reasonable doubt in favor of the Veteran, the Board finds that the Veteran's PTSD is related to service. Accordingly, the claim is granted. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. § 3.102. 

 

S.C. KREMBS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board M. Snyder, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.